SNR ROULEMENTS; SKF USA INC., SKF FRANCE S.A. and SARMA, Plaintiffs, v. UNITED STATES, Defendant, and TIMKEN U.S. CORPORATION, Defendant-Intervenor.

Consol. Court No. 97–10–01825

## JUDGMENT

TSOUCALAS, Senior Judge: In *SNR Roulements v. United States*, 29 CIT ____ , Slip Op. 05–67 (June 13, 2005), the Court remanded this matter to the United States Department of Commerce ("Commerce"). Commerce was instructed to allow SNR Roulements ("SNR") an opportunity to demonstrate that its antidumping duty margin was incorrectly determined because Commerce's use of actual expenses did not account for United States credit and inventory carrying costs in the calculation of total expenses. *See id.* Commerce filed its *Final Results of Redetermination Pursuant to Court Remand* ("*Remand Results*") on August 31, 2005. Pursuant to the Court's remand, Commerce invited SNR to show that the amount of imputed expenses was not reflected accurately or embedded in their actual expenses. *See Remand Results* at 2. SNR, however, failed to respond to Commerce's invitation. *See id.* at 1–2.

Commerce determined that it had properly calculated SNR's antidumping duty margins and did not change the previously assigned margin. *See id.* SNR's weighted-average percentage margins for the period May 1, 1995, through April 30, 1996, are 8.60 percent for ball bearings and parts thereof from France and 10.14 percent for cylindrical roller bearings and parts thereof from France.

This Court, having received and reviewed Commerce's *Remand Results*, holds that Commerce duly complied with the Court's remand order and it is hereby

ORDERED that Commerce's *Remand Results* are reasonable, supported by substantial evidence, and otherwise in accordance with law; and it is further

ORDERED that the *Remand Results* filed by Commerce on August 31, 2005, are affirmed in their entirety; and it is further

ORDERED that since all other issues have been decided, this case is dismissed.